IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF MISSOURI

IN RE:                                            )
                                                  )
ERIC NATHAN KUHRTS,                               )
                                                  )        Case No. 08-20502-drd
                    Debtor.                        )

MEMORANDUM OPINION

Debtor Eric Kuhrts ("Debtor") claimed payments from an annuity as exempt and Janice

Harder, the Chapter 7 Trustee ("Trustee"), objected to the claimed exemption.  These are core

proceedings under 28 U.S.C. § 157(b)(2)(B) over which the Court has jurisdiction pursuant to 28

U.S.C. §§ 1334(b), 157(a), and 157(b)(1).  The Court held a hearing on this matter at the Federal

Courthouse in Jefferson City, Missouri, on April 16, 2009. At the conclusion of the hearing, the

Court took the matter under advisement. After a review of the evidence and consideration of the

relevant law, I am now ready to rule.  The following constitutes my Findings of Fact and

Conclusions of Law in accordance with Rule 52 of the Federal Rules of Civil Procedure as made

applicable to this proceeding by Rules 7052 and 9014(c) of the Federal Rules of Bankruptcy

Procedure. For the reasons set forth below, I find that Debtor's annuity is not exempt and the

Trustee's objection is sustained.. *See* Mo. Rev. Stat. § 513.430(10)(e).

I.  FACTUAL BACKGROUND

The Debtor is currently employed by the University of Missouri and is attending night

school to become an EMT.  At the time of his bankruptcy filing he had been employed as a truck

driver for several years.  He is twenty-eight years old and lives with his companion and twenty-

two month old son.  When he was fifteen, Debtor sustained an injury to his knee and ankle in a

motorcycle accident.  He received an artificial knee cap and testified that he still suffers pain

from his injuries.  Following the accident, the Debtor entered into a structured settlement

agreement under which he was to receive periodic cash payments.  All of these payments have

been received or sold except the final sum of $10,000 which is due to be distributed on March

22, 2011.  The Debtor claims this payment is exempt as an annuity on account of a disability

under Mo. Rev. Stat. § 513.430(10)(e).

## II.  DISCUSSION

Section 522 of the Bankruptcy Code provides for exemptions that a debtor may claim

from property of the estate, but provides a state with the opportunity to "opt out" of the federal

exemption scheme and provide its own exemptions.  *See* 11 U.S.C. § 522.  Missouri has "opted

out" of the federal scheme, thus requiring a debtor to clam only those exemptions allowed under

state law or federal non-bankruptcy law.  *See* Mo. Rev. Stat. § 513.427.

As the party objecting to the exemption, the Trustee has the burden of proof that the

exemption should not be allowed.  Fed. R. Bankr. Proc. 4003(c). The Debtor claims his interest

in the annuity is exempt under § 513.430(10)(e) of the Missouri Revised Statutes which

provides, in pertinent part:

> Property exempt from attachment-...Any payment under a stock bonus plan,
> pension plan, disability or death benefit plan, profit-sharing plan, nonpublic
> retirement plan or any similar plan described, defined, or established pursuant to
> RSMo § 1.456.072, annuity or similar plan or contract on account of illness,
> disability, death, age or length of service, to the extent reasonably necessary for
> the support of such person and any dependent of such person...

Mo. Rev Stat. § 513.430(10)(e) (West 2009).  For the statute to apply three conditions "must

satisfied: (1) the payments must be received pursuant to a plan or contract of the kind described;

(2) payments must be made on account of illness, disability, death, age or length of service; and

(3) they must be reasonably necessary for the support of the debtor and the debtor's dependents."

*In re Bonuchi*, 327 B.R. 428 (Bkrtcy. W.D. Mo. 2005); *Cf. In re Anderson*, 259 B.R. 687, 690

(8th Cir. BAP 2001) (interpreting identical language in 11 U.S.C. § 522(d)(10)(E)).  Neither

party disputes that the payment owed to the Debtor results from an annuity, which is one of the

plans described.  As none of the other categories apply to the facts of this case, the payment, in

order to qualify for the exemption, must be made on account of disability.  The Trustee disputes

that the annuity plan fulfills this description and that it is reasonably necessary for the Debtor's

support.  Because I find that the payments do not relate to a disability as contemplated by the

legislature, I do not reach the question of whether they fulfill the "reasonably necessary"

requirement.

From the language and the context of the statute it is apparent that the Missouri

legislature intended the section "to apply to benefits received as a result of, or related to,

employment."  *In re Stover*, 332 B.R. 400 (Bkrtcy. W.D. Mo. 2005).  Courts have defined

"disability" as meaning a "loss of earning capacity" and not a "loss of bodily function."  *In re*

*Wiley*, 184 B.R. 759, 765 (N.D. Iowa 1995).  In interpreting virtually identical language in the

federal exemption scheme, the Eighth Circuit found that Congress described the exemption it

drafted as "exempting certain benefits that are akin to future earnings of the debtor."  *Eilbert v.*

*Pelican*, 162 F.3d 523, 525 (8th Cir. 1998) (quoting H.R. Rep. 95-595 at 362).  The statute is not

intended to exempt annuity payments unrelated to employment or earnings.  *Stover* at 403.

This court has required that annuity payments replace future lost wages in order to

qualify for the exemption.  For example, in *Bonuchi* the disability exemption was found to apply

to a debtor who, as a result of an injury at work, received monthly payments for life.  The court

3

found that the "purpose of permitting a debtor to exempt payments to be received under an annuity or similar plan is to protect payments which function as wage substitutes." *Id.* at 432; *See also In re Skipper*, 274 B.R. 807 (Bkrtcy. W.D. Ark. 2002) ("The exemption is intended to protect payments that support basic living requirements during the time of life when earning capacity is limited by age, disability, or illness.").

While the exemption laws are enacted to provide relief to the debtor and are to be liberally construed, *In re Schissler*, 250 B.R. 697, 700 (Bankr. W.D. Mo. 2000), a bankruptcy court must be careful to not substantially depart from the express language of the exemption or "to extend the legislative grant as expressed by Congress." *In re Goertz*, 202 B.R. 614, 618 (Bankr. W.D. Mo. 1996); *In re Collet*, 253 B.R. 452, 454 (Bkrtcy. W.D. Mo. 2000).

Allowing the claimed exemptions here would be a departure from the language and intent of the exemption statute. The Debtor testified that he has never been certified as disabled and has never received disability payments. The motorcycle accident did not result from the Debtor's employment. At the time of his injury, the Debtor was in high school and earned money mowing yards. He had another job lined up but had to forgo this opportunity due to his injury. The Debtor testified that part of the settlement he received was to cover the wages he lost from being unable to take that position. Any portion of the agreement meant to compensate the Debtor for losing this job offer addressed income lost as a direct result of the injury when it occurred. The settlement was not intended to replace his future earning capacity.

Debtor acknowledged in his pleadings that his injury has not prevented him from finding employment. At the time he filed for bankruptcy, Debtor was employed for several years as a truck driver. He testified that he would be willing to take another, similar, job if he could. He is

currently going to night school to become an EMT and drive an ambulance.  If there was a

period where the Debtor's wage earning ability was limited, it must have ended when he

resumed working for wages at or above his pre-injury level. There is no evidence that the parties,

at the time the Debtor was injured, contemplated that the injury would undermine his ability to

find additional work opportunities.  Rather, since the accident he has actively sought and

engaged in productive employment.

The evidence presented at the hearing was sufficient to establish that the annuity was not

related to employment and that it was not created to compensate for diminished wage earning

potential.  Expanding the Missouri exemption statute to cover annuities outside of lost earnings

or employment would depart from the language of the statute and the legislature's intent.

Therefore, for the above reasons, I find that the Debtor's annuity payment is not exempt

under Mo. Rev. Stat. § 513.430(10)(e) and I SUSTAIN the Chapter 7 Trustee's Objection.

A separate Order will be entered in accordance with Bankruptcy Rule 9021.

Dated: <u>May 20, 2009</u>                              <u>/s/ Dennis R. Dow</u>

                                                THE HONORABLE DENNIS R. DOW
                                                UNITED STATES BANKRUPTCY JUDGE

Copies to:

Janice A. Harder
Harry D. Boul